## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) 247 CONSTRUCTION COMPANY, ) LLC, *et al.*, ) ) ) Defendants. ) | CIVIL ACTION NO. 5:24-cv-433 (MTT) |

### ORDER

Before the Court is Plaintiff Atain Specialty Insurance Company's Motion to Strike the Answer of Defendants Darin Simmons and 247 Construction Company, LLC.[1]  Doc. 18.  In an effort to afford Simmons, who is proceeding *pro se*, adequate notice and time to respond to the motion, the following notice is given.  *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir. 1985).  If Simmons wishes to respond, he must do so no later than **TWENTY-ONE DAYS from the entry of this Order**.[2]  Failure to respond may result in the Motion being granted without further notice.  Simmons may submit his argument to this Court by filing a brief in opposition to Plaintiff's motion to strike.  Unless the Court has granted prior permission, any brief should not exceed 20 pages.  M.D. Ga. L.R. 7.4.

The Court evaluates a motion to strike using the following standard:

---

[1] On January 30, 2025, Defendants Darin Simmons and 247 Construction Company, LLC filed a pro se Answer signed by Simmons on behalf of himself and 247 Construction.  Doc. 16.

[2] The Clerk is **DIRECTED** to mail a copy of the motion to strike (Doc. 18) to Simmons at his last known address.  Thereafter, all notices or other papers may be served on Simmons directly by mail at his last known address.

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

As a limited liability company, 247 Construction Company, LLC, cannot appear pro se in this Court and must be represented by an attorney.  *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985).  Any document filed by 247 Construction without the assistance of counsel may be stricken.

If the Court grants the Motion to Strike:

The Answer filed on behalf of both Darin Simmons and 247 Construction Company, LLC will be removed from the record.

Simmons and 247 Construction will have fourteen (14) days from the date of the Court's order to secure representation for 247 Construction and to file proper responses to Plaintiff's Complaint.

If no response is filed within this timeframe:

247 Construction will be deemed to have failed to plead or otherwise defend this action, and Plaintiff may move for entry of default and default judgment against 247 Construction.  This could result in a judgment being entered against 247 Construction for the relief sought in the Complaint without further participation from 247 Construction.

Simmons will similarly be at risk of default and default judgment if he fails to timely file a proper response.

To avoid default, 247 Construction must secure legal representation.  The attorney must file a notice of appearance and submit an appropriate responsive pleading on behalf of 247 Construction within the time set by the Court.

-3-

**SO ORDERED**, this 4th day of March, 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
