IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, ) ) ) ) Plaintiff, ) ) v. ) ) 247 CONSTRUCTION COMPANY LLC, ) *et al.*, ) ) ) Defendants. ) ) | CIVIL ACTION NO. 5:24-cv-433 (MTT) |

## ORDER

Atain Specialty Insurance Company ("Atain") filed this action against Defendants 247 Construction Company LLC ("247 Construction"), Darin Simmons, Frank Erwin, Jr., and Sondra Erwin on November 27, 2024. ECF 1. Atain seeks a declaratory judgment that it has no duty to defend or indemnify Simmons or 247 Construction in an underlying lawsuit brought by the Erwin defendants. *Id.* at 1–15. The Erwin defendants answered the complaint. ECF 12. Simmons and 247 Construction filed a pro se Answer to the complaint signed by Simmons on behalf of himself and 247 Construction. ECF 16. Atain moved to strike the answer, and the Court granted Atain's motion to the extent it was filed on behalf of 247 Construction. ECF 18, 24. The Court instructed 247 Construction to obtain counsel and file a proper response within fourteen days, but 247 Construction failed to do so and is now in default. ECF 24. Atain now moves for default judgment against 247 Construction. ECF 35.

Generally speaking, a Court may enter a default judgment against a party for failure to plead or otherwise defend a case. *See* Fed. R. Civ. P. 55. However, "in cases involving multiple defendants, some of whom are not in default, courts should withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *Auto-Owners Ins. Co. v. Bailey*, 378 F. Supp. 3d 1213, 1221 (M.D. Ga. 2019); *see also Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (stating that "a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause [against the other defendants], would be incongruous and illegal"); *Gulf Coast Fans v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (stating it is "sound policy" that "judgment should not be entered against a defaulting defendant if the other [similarly situated] defendant prevails on the merits."). Accordingly, Atain's motion for default judgment (ECF 35) is **DENIED without prejudice**.

**SO ORDERED**, this 20th day of January, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT