IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ATAIN SPECIALTY INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:24-cv-433 (MTT) |
| 247 CONSTRUCTION COMPANY LLC, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## ORDER

In this declaratory judgment action, Plaintiff Atain Specialty Insurance Company

("Atain") moves for summary judgment, arguing it has no duty to defend or indemnify

Defendants Darin Simmons and 247 Construction Company, LLC ("247 Construction"),

in a lawsuit brought by Defendants Frank and Sondra Erwin for negligent and defective

workmanship on the ground-up construction of a house on the Erwins' property. ECF

30-1 at 1. For the following reasons, Atain's motion is **GRANTED**. However, Atain's

request for recoupment of costs is **DENIED**.

### I.    BACKGROUND[1]

Frank and Sondra Erwin employed 247 Construction, owned by Simmons, to

construct a residential home in Eastman, Georgia. ECF 1-1 ¶¶ 22, 27. Construction

---

[1] The following facts are taken from the Erwins' complaint in the underlying lawsuit. ECF 1-1; *see Penn-Am. Ins. Co. v. Disabled Am. Veterans, Inc.*, 268 Ga. 564, 565, 490 S.E.2d 374 (1997) ("[S]ince the contract obligates the insurer to defend claims asserting liability under the policy; even if groundless, the allegations of the complaint against the insured are looked to determine whether a liability covered by the policy *is asserted.*" (citation modified)).

began in September 2019. *Id.* ¶ 28. Shortly after construction commenced, the Erwins

complained about a litany of workmanship problems and deviations from construction

plans. *Id.* ¶ 30. Simmons and 247 Construction never completed the construction

project. *Id.* ¶¶ 31, 34.

The Erwins brought suit against Simmons and 247 Construction, identifying the

following issues:

> [I]mproper fabrication and assembly of the framework and foundation; improper installation of the siding; improper fabrication and assembly of the roof; improper fabrication and assembly of the front porch; improper fabrication and assembly of the back porch; improper fabrication and installation of various interior components, including but not limited to shelving, door knobs, shiplap, drywall, cabinets, trim, doors, clothing rods, and kitchen backsplash; incorrect installation of the garbage disposal; incorrect installation of the fireplace; incorrect installation of security lights; failure to install doorbell; a voluminous number of miscellaneous issues with aesthetics; failure to provide the garage code to Plaintiffs; incorrect installation and cleaning of windows; and failure to complete the construction of the Property.

*Id.* ¶¶ 32, 56, 66.

The Erwins assert claims for: 1) breach of contract for failure to adequately complete

construction of the property, 2) negligent construction, 3) negligence per se,[2] and 4)

negligent supervision of subcontractors.[3] *Id.* ¶¶ 54–86.

During the events giving rise to the Erwins' complaint, Simmons Construction, a

business owned by Simmons, had commercial general liability ("CGL") insurance with

Atain ("the Policy"). ECF 1-2; 1-3; 30-2 ¶ 1. The Policy states that Atain "will pay those

---

[2] The underlying complaint alleges 247 Construction lacked a required residential contractor license despite Simmons' initial representations to the contrary. *Id.* ¶¶ 26, 72

[3] The underlying complaint also asserts vicarious liability against 247 Construction as Count V. ECF 1-1 ¶¶ 87–89. In addition, the Erwins assert claims against other contractors: Handy Andy of Eastman, Inc., William Brown, John Holcomb, and Kennith King, relating to faulty floor installation and failure to provide purchased construction materials. *Id.* ¶¶ 90–130.

sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies." ECF 1-2 at 48; 1-3 at 48; 30-2 ¶ 1. It also states, "[w]e will have the right and duty to defend the insured against any 'suit' seeking those damages." ECF 1-2 at 48; 1-3 at 48. The insurance applies to "property damage" caused by an "occurrence," but it contains several business risk exclusions that limit coverage. ECF 1-2 at 48, 51–52; 1-3 at 48, 51–52; 30-2 ¶¶ 3, 4, 6–11.

In September 2022, Atain agreed to participate in the defense of a suit brought by the Erwins against Simmons and 247 Construction, subject to a reservation of rights. ECF 1-4; 30-2 ¶¶ 15, 25. This first suit was dismissed without prejudice, and the Erwins filed a new suit against 247 Construction and Simmons in June 2024. ECF 30-2 ¶ 15. After receiving notice of the new suit, Atain issued a supplemental reservation of rights letter, reserving the right to seek a judicial determination in a declaratory judgment action and to "seek reimbursement of any non-covered attorneys' fees and costs." ECF 1-5 at 14; 30-2 ¶¶ 16, 26, 27. Atain now seeks such relief. ECF 1 at 14–15; ECF 30-1 at 20.

## II.    STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence . . . that would entitle it to a directed verdict if not controverted at trial. In other words, the moving party must show that, on

-3-

all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1438 (11th Cir. 1991) (citation modified). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

In contrast, "[w]hen the *nonmoving* party has the burden of proof at trial, the moving party is not required to 'support its motion with affidavits or other similar material *negating* the opponent's claim.'" *Four Parcels of Real Prop.*, 941 F.2d at 1437 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party "simply may show . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 1438 (cleaned up). "Assuming the moving party has met its burden, the non-movant must then show a genuine dispute regarding any issue for which it will bear the burden of proof at trial." *Info. Sys. & Networks Corp. v. City of Atlanta,* 281 F.3d 1220, 1224–25 (11th Cir. 2002) (citing *Celotex Corp.*, 477 U.S. at 324).[4]

In determining whether a genuine dispute of material fact exists, the Court "must avoid weighing conflicting evidence or making credibility determinations." *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999). Instead, "[t]he

---

[4] Under Georgia law, the insured has the burden to prove that it suffered a loss covered by the policy, that it complied with the conditions precedent under the policy, and that the insurer waived its right to raise a certain defense. *Rsrv. Life Ins. Co. v. Davis*, 224 Ga. 665, 667, 164 S.E.2d 132 (1968); *Wolverine Ins. Co. v. Sorrough*, 122 Ga. App. 556, 557, 177 S.E.2d 819 (1970); *Metropolitan Life Ins. Co. v. Smith*, 48 Ga. App. 245, 247, 172 S.E. 654 (1934); *see also* 17A Steven Plitt et al., *Couch on Insurance* § 254:11 (3d ed. 2022). However, the insurer bears the burden to prove a policy exclusion, exception, or other affirmative defense applies. *Rsrv. Life Ins. Co. v. Ayers*, 217 Ga. 206, 213, 121 S.E.2d 649 (1961); *see also* 17A Steven Plitt et al., *Couch on Insurance* § 254:12 (3d ed. 2022). Thus, Simmons and 247 Construction have the burden of proving that the Policy covers the Erwins' claims; Atain has the burden of proving that any exclusion applies.

evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A material fact is any fact relevant or necessary to the outcome of the suit, and a factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. at 248. Furthermore, "[a]ll material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." M.D. Ga. L.R. 56.

### III.    DISCUSSION

"[T]he insurer is obligated to defend where . . . the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage." *Penn-Am. Ins. Co.*, 268 Ga. at 565, 490 S.E.2d 374. "[I]t is only where the complaint sets forth true factual allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense."[5] *Id.* "Where the claim is one of potential coverage, doubt as to liability and [the] insurer's duty to defend should be resolved in favor of the insured." *Id.* (citation modified). "Though the duty to defend and the duty to indemnify are independent obligations and should generally be analyzed separately, the absence of a duty to defend is dispositive of the duty to indemnify." *Travelers Indem. Co. of*

---

[5] Simmons argues that Atain's defense under a reservation of rights shows there is a genuine dispute as to coverage. ECF 43 ¶ 3. But under Georgia law, "[i]f an insurer has knowledge of the facts but does not feel safe in making a determination as to a proper course of action it may enter upon a defense under a reservation of rights and then seek a declaratory judgment." *S. Tr. Ins. Co. v. Eason*, 134 Ga. App. 827, 829, 216 S.E.2d 667 (1975) (citation omitted).

*Connecticut v. Peachstate Auto Ins. Agency, Inc.*, 357 F. Supp. 3d 1259, 1264 (N.D. Ga. 2019) (citations omitted).

Moreover, "[i]nsurance is a matter of contract and the parties are bound by the terms of the policy." *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221, 231 S.E.2d 245 (1976). Under Georgia law, the interpretation of an insurance policy is generally "a question of law," to which courts apply the "ordinary rules of contract construction." O.C.G.A. § 13-2-1; *Boardman Petroleum, Inc. v. Federated Mut. Ins. Co.*, 269 Ga. 326, 327, 498 S.E.2d 492 (1998). "The cardinal rule of construction is to ascertain the intention of the parties. If that intention is clear and it contravenes no rule of law and sufficient words are used to arrive at the intention, it shall be enforced irrespective of all technical or arbitrary rules of construction." O.C.G.A. § 13-2-3.

"[U]nder the rules of contract construction, the policy is construed against [the insurer] as the drafter of the policy and any exclusions from coverage are strictly construed." *Old Republic Union Ins. Co. v. Floyd Beasley & Sons, Inc.*, 250 Ga. App. 673, 677, 551 S.E.2d 388 (2001). "When the language of an insurance policy defining the extent of the insurer's liability is unambiguous and capable of but one reasonable construction, the court must expound the contract as made by the parties." *Burnette v. Ga. Life & Health Ins. Co.*, 190 Ga. App. 485, 485, 379 S.E.2d 188 (1989). "Where a term of a policy of insurance is susceptible to two or more constructions, even when such multiple constructions are all logical and reasonable, such term is ambiguous and will be strictly construed against the insurer as the drafter and in favor of the insured." *Ga. Farm Bureau Mut. Ins. Co. v. Meyers*, 249 Ga. App. 322, 324, 548 S.E.2d 67 (2001); *see* O.C.G.A § 13-2-2(5).

### A. Policy Coverage

It is a "settled notion that CGL coverage generally is intended to insure against liabilities to third parties for injury to property or person, but not mere liabilities for the repair or correction of the faulty workmanship of the insured." *Taylor Morrison Servs., Inc. v. HDI-Gerling Am. Ins. Co.*, 293 Ga. 456, 460–61, 746 S.E.2d 587 (2013); *see also Sapp v. State Farm Fire & Cas. Co.*, 226 Ga. App. 200, 486 S.E.2d 71, 75 (1997) ("The coverage applicable under [a] CGL policy is for tort liability for injury to persons and damage to *other* property, and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained." (citation modified)). At bottom, the Erwins' complaint asserts liability for incomplete and faulty workmanship. *See* ECF 1-1. Consistent with the general purpose of most CGL policies, the Policy here unambiguously excludes coverage.

### 1. Property damage coverage

The Policy covers "property damage" caused by an "occurrence." ECF 1-2 at 48; 1-3 at 48; 30-2 ¶ 3. It defines "property damage" as "[p]hysical injury to tangible property, including all resulting loss of use of that property" or "[l]oss of use of tangible property that is not physically injured." ECF 1-2 at 62; 1-3 at 62; 30-2 ¶ 5.[6] Under Georgia law, "'property damage,' as that term is used in the standard CGL policy," like this one, "necessarily must refer to property that is nondefective, and to damage beyond mere faulty workmanship." *Taylor Morrison Servs.,* 293 Ga. at 461, 746 S.E.2d 587. "Property damage" may include damage to non-defective work on the same project. *Id.*

---

[6] The Policy defines an "occurrence" as an "accident." ECF 1-2 at 62; 1-3 at 62; 30-2 ¶ 4. The Georgia Supreme Court has held an "occurrence" does not "require damage to the property or work of someone other than the insured." *See Taylor Morrison Servs., Inc.*, 293 Ga. at 460, 746 S.E.2d 587.

n.10 (noting the Georgia Supreme Court was not "attempt[ing] to define the precise line of demarcation between defective and nondefective property or work when both are a part of the same project."). But there is no coverage for "liabilities for the repair or correction of the faulty workmanship of the insured." *Id.* at 460–61; *Empire Quality Constr., Inc. v. W. World Ins. Co.*, 2019 WL 9633223, at *3 (N.D. Ga. Sept. 24, 2019) ("When a contractor must repair or replace an element of his own work, damaged by his own faulty workmanship, his standard CGL policy is not intended to provide protection"). In other words, the "'property damage' requirement . . . 'limit[s] coverage in faulty workmanship cases to instances in which the faulty workmanship has damaged other, nondefective property or work'; that is, 'damage beyond mere faulty workmanship' on the work the insured was hired to perform." *Cowart v. Nautilus Ins. Co.*, 2019 WL 254662, at *6 (S.D. Ga. Jan. 17, 2019) (quoting *Taylor Morrison Servs.,* 293 Ga. at 461, 746 S.E.2d 587). "[C]laims of economic loss . . . do not constitute property damage." *Evanston Ins. Co. v. DCM Contracting, Inc.*, 441 F. Supp. 3d 1336, 1343 (N.D. Ga. 2020) (citing *Se. Color Lithographers, Inc. v. Graphic Arts Mut. Ins. Co.*, 164 Ga. App. 70, 296 S.E.2d 378 (1982)).

The underlying complaint does not assert a claim for "property damage" under the Policy. Rather, it asserts liability for incomplete and defective work:

> [I]mproper fabrication and assembly of the framework and foundation; improper installation of the siding; improper fabrication and assembly of the roof; improper fabrication and assembly of the front porch; improper fabrication and assembly of the back porch; improper fabrication and installation of various interior components, including but not limited to shelving, door knobs, shiplap, drywall, cabinets, trim, doors, clothing rods, and kitchen backsplash; incorrect installation of the garbage disposal; incorrect installation of the fireplace; incorrect installation of security lights; failure to install doorbell; a voluminous number of miscellaneous issues with aesthetics; failure to provide the garage code to Plaintiffs; incorrect

installation and cleaning of windows; and failure to complete the construction of the Property.

ECF 1-1 ¶¶ 32, 56, 66. Because the underlying complaint does not allege damage to nondefective work or damage beyond faulty workmanship, it does not assert a claim for "property damage" as the Georgia Supreme Court has interpreted that term.[7] *See Taylor Morrison Servs.,* 293 Ga. at 461, 746 S.E.2d 587.

Consequently, the Policy does not provide coverage for the Erwins' suit against Simmons or 247 Construction.

### 2. Damage to property exclusion

Even if the underlying complaint alleged property damage, the Policy's "Damage To Property" exclusion bars coverage. ECF 1-2 at 51–52; 1-3 at 51–52. "Business risk exclusions are designed to exclude coverage for defective workmanship by the insured builder causing damage to the construction project itself." *Auto Owners Ins. Co. v. Gay Const. Co.*, 332 Ga. App. 757, 760, 774 S.E.2d 798 (2015) (quoting *QBE Ins. Co. v. Couch Pipeline & Grading, Inc.*, 303 Ga. App. 196, 199, 692 S.E.2d 795 (2010)) (emphasis removed). "The risk intended to be insured is the possibility that the work of the insured, once relinquished or completed, will cause bodily injury or damage to property other than to the completed work itself, and for which the insured may be found liable," not "business risk borne by the contractor to replace or repair defective work to

---

[7] The Erwins argue that the underlying complaint alleges "facts that show that negligence in the construction of certain areas in the home, such as the master bathroom, ultimately resulted in damage to otherwise non-defective conditions, such as the adjacent bathroom flooring." ECF 36 at 6. But the Erwins do not cite to the underlying complaint, nor point to anything else in the record supporting their assertion, and the Court's independent review has unveiled none. *Id.*; *see also* ECF 1-1. Rather, the complaint seeks recovery for the repair of defective workmanship and consequential damages for the economic loss suffered by the project's incompletion. ECF 1-1 ¶¶ 32, 56, 58, 66, 68, 78, 86, 89.

make the building project conform to agreed contractual requirements." *Id.* at 761 (citation modified).

Here, the Policy contains a "Damage To Property" exclusion, barring coverage for damage to:

> (5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or

> (6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

ECF 1-2 at 51–52; 1-3 at 51–52.[8]

Interpreting identical language, the Georgia Court of Appeals held CGL policies excluded "coverage for damage to the construction project itself caused by the defective workmanship of the insured contractor." *Bituminous Cas. Corp. v. N. Ins. Co. of New York*, 249 Ga. App. 532, 534, 548 S.E.2d 495 (2001) (applying exclusion where homeowners alleged that during the process of removing and reinstalling decks built with insufficient waterproofing, the builder negligently failed to take sufficient precautions to protect the construction project from being inundated by water); *See also Sapp*, 226 Ga. App. at 202–03, 486 S.E.2d 71 (1997). Defendants do not argue, nor does the underlying complaint allege, that Simmons or 247 Construction damaged property other than the construction project itself. *See* ECF 1-1 at 36; 43.

---

[8] The Court notes that paragraph six "does not apply to 'property damage' included in the 'products-completed operations hazard'" under the Policy. ECF 1-2 at 52; 1-3 at 52. The products-completed operations hazard extends to certain property damage arising out of abandoned work. ECF 1-2 at 62; 1-3 at 62. Defendants do not argue that the products-completed operations hazard bars the application of paragraph six. ECF 36; 43. Indeed, Defendants do not respond to Atain's argument that the Policy's business risk exclusions bar coverage at all. *See* ECF 36; 43.

Accordingly, the "Damage To Property" exclusion bars coverage for the restoration, repair, or replacement of Simmons and 247 Construction's incorrectly performed work.[9]

### B.  Recoupment of Costs

Atain requests recoupment of costs. ECF 30-1 at 20. "In Georgia, it remains an open question whether and under what circumstances an insurer can recoup its defense costs when it is determined that the insurer has no duty to defend." *Atain Specialty Ins. Co. v. E.H. Fortitude Inc.*, 2025 WL 1531581, at *5 (S.D. Ga. May 29, 2025) (citation modified); *Cont'l Cas. Co. v. Winder Lab'ys, LLC*, 73 F.4th 934, 947 (11th Cir. 2023) ("Georgia courts have not addressed this question."). In *Winder Laboratories*, the Eleventh Circuit predicted that "the Supreme Court of Georgia would not allow an insurer to recoup its expenses based on a reservation of rights letter without any contractual provision allowing for reimbursement." *Winder Lab'ys, LLC*, 73 F.4th at 949–50.

Here, Atain expressly reserved the right to recoup costs in its supplemental reservation of rights letter. ECF 1-5 at 14. But Atain has not directed the Court to any provision in the Policy that would allow for cost recoupment. ECF 30-1. In other words, Atain has not established that it has a right to recoup expenses based on a contractual provision allowing for reimbursement.

Accordingly, Atain's request to recoup costs is **DENIED**.

### IV.    CONCLUSION

---

[9] Atain also argues that Simmons and 247 Construction are not the named insured under the Policy. ECF 30-1 at 19–20. The Court does not address this argument because even if the Policy extends to Simmons and 247 Construction, it does not extend coverage here.

Atain's motion for summary judgment (ECF 30) is **GRANTED**.

The Policy does not provide coverage for the underlying action brought by Frank and Sandra Erwin against Simmons and 247 Construction, and Atain may withdraw its defense.[10]

Atain's request for recoupment of costs is **DENIED**.[11]

The Clerk shall enter final judgment.

**SO ORDERED**, this 23rd day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[10] Because this determination binds all parties to this action, Atain need not renew its motion for default judgment against 247 Construction.

[11] The Erwins' motion for a hearing (ECF 37) is **DENIED** as moot.